# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DIRECTV, INC.,                          )
                                        )
              Plaintiff,          )
                                        )
              v.                  )     1:03CV1028
                                        )
SAMUEL J. TRINCA, SHERRI                )
BUMGARNER, PERCY CALDWELL,              )
JANE CARPENTER, ROBIN CORKINS,          )
STEPHEN EMMONS, MONIKA JEFFERS,         )
MICHAEL L. PARKS, RICHARD RAMEY,        )
LEROY WATFORD, DWAYNE WATKINS, and )
BONNIE WEBSTER,                         )
                                        )
              Defendants.         )

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Plaintiff Directv has filed a motion for default judgment against defendant Dwayne Watkins. An entry of default was previously made on June 28, 2004 as to defendant Watkins(docket no. 55). Plaintiff seeks damages in the amount of $10,000.00, costs in the amount of $102.50, and attorney's fees in the amount of $583.46, along with an injunction. The parties were notified on December 14, 2005 (docket no. 86) of their right to request a hearing, but did not do so.

Plaintiff alleges that defendant Watkins illegally and without permission received or used its satellite television signals. Plaintiff relies on 47 U.S.C. § 605 which provides for actual damages or statutory damages of $250.00 to $10,000.00; 47 U.S.C. § 605(e)(4) which provides for enhanced statutory damages of $10,000.00 to $100,000.00 for aggravated violations; and 18 U.S.C. § 2520 which provides for actual damages or statutory damages of

$100.00 per day or $10,000.00. The Court will consider imposing increased statutory damages if there is evidence of a willful violation for purposes of private financial gain or other aggravating conduct. <u>See</u> <u>Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.</u>, 146 F. Supp. 2d 955 (E.D. Wis. 2001); <u>Time Warner Cable of New York City v. Googies Luncheonette, Inc.</u>, 77 F. Supp. 2d 485 (S.D.N.Y. 1999); and <u>Entertainment by J&J, Inc. v. Friends II, Inc.</u>, 2003 WL 1990414 (S.D.N.Y. 2003).

Plaintiff shows that defendant Watkins purchased two Terminator Bootloaders on or about July 20, 2001, which sole or main purpose would be to decrypt satellite programming and requests statutory damages in the amount of $10,000.00. Defendant Watkins has not provided any reason why these full statutory damages and the other relief requested should not be given to plaintiff. For these reasons,

**IT IS RECOMMENDED** that plaintiff's motion for entry of default judgment against defendant Dwayne Watkins (docket no. 80) be granted and that default judgment be entered against defendant Watkins in the amount of $10,000.00, along with costs in the amount of $102.50, and attorney's fees in the amount of $583.46, amounting to a sum of $10,685.96, plus post-judgment interest at the legal rate in effect to accrue thereon from the date of Judgment forward until paid.

**IT IS FURTHER RECOMMENDED** that defendant Dwayne Watkins be permanently enjoined from committing or assisting in the commission

-2-

of any violation of the Cable Communications Policy Act, 47 U.S.C. § 605 or 18 U.S.C. §§ 2511 and 2520.


_____
United States Magistrate Judge

February 13, 2006